# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

UNITED STATES,

    Plaintiff,

vs.

JEFFREY DAVID ECK,

    Defendant.

Case No. 3:13-cr-00030-RCJ

**ORDER**

Defendant moves for compassionate release based on the ongoing COVID-19 pandemic in conjunction with his diagnoses of hypertension, hyperlipidemia, and vertigo as well as a past history of basal cell carcinoma.[1] The Court finds that Defendant's circumstance is not extraordinary and compelling and therefore denies the motion.

---

[1] In his motion, Defendant claims to have a history of squamous cell carcinoma instead of basal cell carcinoma. (ECF No. 38.) However, his medical records from June 10, 2020 indicate that he "HAS HX OF BASAL CELL IN PAST." (ECF No. 39); *see Hx, Dictionary.com*, https://www.dictionary.com/browse/hx?s=t (last visited Aug. 27, 2020) (defining "hx" as a medical abbreviation of "history"). The medical records nowhere mention squamous cell carcinoma. (ECF No. 39). These conditions are similar but not the same. *See* University of California, San Francisco Health, *Basal Cell and Squamous Cell Carcinoma*, https://www.ucsfhealth.org/conditions/basal-cell-and-squamous-cell-carcinoma#:~:text=Basal%20cell%20carcinoma%20accounts%20for,often%20than%20basal%20cell%20carcinoma (last visited Aug. 27, 2020) (comparing these different types of skin cancer).

## BACKGROUND

In 2013, Defendant entered a plea agreement whereby he admitted under oath that he is guilty of attempted production of child pornography in violation of 18 U.S.C. § 2251(a), (e). (ECF No. 24.) The Court then sentenced him to 180 months' imprisonment with a fifteen-year term of supervised release to follow. (ECF No. 35.) Defendant is currently fifty-four years old and imprisoned in FCI Safford with a projected release date of December 29, 2025. *Find an inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited on Aug. 27, 2020). Defendant's medical records indicate that he has hypertension, hyperlipidemia, and vertigo as well as a history of basal cell carcinoma. (ECF No. 39.) Defendant sent the warden a letter requesting that the Bureau of Prisons bring a motion for compassionate release on his behalf because of COVID-19 in conjunction with his medical conditions in May 2020, and the warden declined. (ECF No. 38 Ex. 1.) If released, Defendant claims that he could live with his brother. (ECF No. 38 at 14.)

## LEGAL STANDARD

A district court may not generally "modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One exception to this rule is that a court may grant a reduction to a term of imprisonment "(and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment)" based on "extraordinary and compelling reasons" if such a reduction is consistent with the factors set forth in 18 U.S.C. § 3553(a). § 3582(c)(1)(A).

Either the Bureau of Prisons or a defendant may bring a motion under § 3582(c)(1)(A). A court, however, may not consider a motion brought by a defendant unless he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his]

///

behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*

The applicable policy statement for motions under § 3582(c)(1)(A) is U.S. Sentencing Guidelines Manual (U.S.S.G.) § 1B1.13 (U.S. Sentencing Comm'n 2018). This policy statement requires a court to find that the defendant "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." § 1B1.13(2). It also defines "extraordinary and compelling as reasons" as the following:

1. The defendant is suffering from a terminal illness . . . . [Or] [t]he defendant is suffering from a serious physical or medical condition, suffering from a serious functional or cognitive impairment, or experiencing deteriorating physical or mental health because of the aging process that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
2. The defendant is at least 65 years old[,] is experiencing a serious deterioration in physical or mental health because of the aging process[,] and has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
3. The death or incapacitation of the caregiver of the defendant's minor child or minor children[,] [or] [t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
4. As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, [those described above].

§ 1B1.13 cmt. n.1(A)–(D).

## ANALYSIS

The parties agree that Defendant has exhausted, but the Government argues that Defendant has not provided an extraordinary and compelling basis for relief, Defendant is a danger to the community, and a reduction is inconsistent with the § 3553(a) factors. The Court agrees that Defendant has not presented an extraordinary and compelling reason for relief and therefore denies the motion.[2]

---

[2] The Court declines to address the remaining elements.

Defendant argues that the definition of "extraordinary and compelling reasons" in § 1B1.13 cmt. n.1 is inapplicable because the Sentencing Commission has not amended it since the First Step Act modified the statute. The Court disagrees because "[n]othing in the First Step Act nullifies, amends, or expressly contradicts the definition of 'extraordinary and compelling reasons' provided by U.S.S.G. § 1B1.13." *United States v. Strain*, No. 3:97-CR-00004-TMB, 2020 WL 1977114 (D. Alaska Apr. 24, 2020); *accord United States v. Baye*, No. 3:12-CR-00115-RCJ, 2020 WL 2857500, at *9 (D. Nev. June 2, 2020).

Defendant's circumstances do not satisfy any basis for extraordinary and compelling reasons in § 1B1.13. First, Defendant has not presented a medical condition that "that substantially diminishes [his] ability of . . . provid[ing] self-care within the environment of a correctional facility and from which he . . . is not expected to recover." § 1B1.13 cmt. n.1(A).[3] Second. Defendant is not sixty-five years old or older. § 1B1.13 cmt. n.1(B). Third, Defendant has not presented a necessity for him to care for a minor child or spouse. § 1B1.13 cmt. n.1(C). Fourth, the Director of the BOP has not found an "other reason" in this case. § 1B1.13 cmt. n.1(D); *see Baye*, 2020 WL 2857500, at *9 ("[T]he Court does not have the authority to find other reasons on behalf of the Director.").

///

---

[3] In some cases where defendants are at an increased risk of becoming seriously ill from COVID-19 because of underlying medical conditions, the Government has conceded such conditions satisfy this element. Here, however, none of Defendant's conditions place him at a high risk of becoming seriously ill according to the Centers for Disease Control and Prevention (CDC). While the CDC indicates that *currently* having cancer increases one's risk of becoming severely ill from COVID-19, it does not state that having a previous history of cancer does. *Coronavirus Disease 2019 (COVID-19): Groups at Higher Risk for Severe Illness*, Ctr. for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last visited August 27, 2020). For hypertension it merely states that the condition "might [place an individual] at an increased risk for severe illness from COVID-19." *Id.* (emphasis removed). The CDC does not indicate that hyperlipidemia and vertigo have any effect with COVID-19. *Id.* The Government therefore did not make such a concession in this case.

**CONCLUSION**

IT IS HEREBY ORDERED that Defendant's Emergency Motion for Compassionate Release (ECF No. 38) is DENIED.

IT IS SO ORDERED. Dated: September 22, 2020.

_____
ROBERT C. JONES
United States District Judge